GEORGE C. GOESCH, JR. AND CORALE M. GOESCH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Goesch v. Commissioner
Docket No. 11084-81.
United States Tax Court
T.C. Memo 1982-650; 1982 Tax Ct. Memo LEXIS 88; 45 T.C.M. (CCH) 70; T.C.M. (RIA) 82650; November 15, 1982. George C. Goesch, Jr., pro se. David M. Kirsch, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes and additions to tax under section 6653(a): [1]
Addition to Tax
Year
Deficiency
Sec. 6653(a)
1976
$3,169
$158.45
1977
5,639
281.95
1978
16,312
815.60
*90 Petitioner concedes the correctness of the deficiency determinations. As a result of that concession, the only issue to be decided is whether any part of the underpayments of tax for each of the years in controversy was due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). Petitioners George C. Goesch, Jr. (hereinafter petitioner), and his wife, Corale M. Goesch, were legal residents of Salem, Oregon, when they filed their petition. Petitioner, a graduate of the University of South Dakota, has been in the insurance business since 1965. Petitioner became convinced that the income tax laws were unfair and for 1975 filed a "Fourth and Fifth Amendment" tax return. He was subsequently charged with failure to file an income tax return for that year and was convicted of the charge. In the meantime, petitioner had decided to "join the tax shelter crowd" and to create a family trust as a tax shelter. He reached that decision after taking an "educational course" given by the Institute of Individual Religious Studies (Institute) which had attorneys and a certified public accountant on its letterhead. Petitioner now accepts the *91 conclusion that his family trust cannot be recognized as a means of reducing his income tax liability, but he contends that he is not liable for the determined section 6653(a) additions to tax. Section 6653(a)[2] provides for a 5-percent addition to tax if any part of the underpayment for the tax year is due to negligence or intentional disregard of rules and regulations of the tax laws. By agreeing to the correctness of the determined deficiencies, petitioner has implicitly conceded that he underpaid his taxes. His liability for the additions to tax thus depends upon the reasons for the underpayment. Petitioner testified that he created the family trust only after being convinced by representatives of the Institute that it would be "a good and legitimate" *92 means of reducing his income tax liabilities. Given petitioner's filing of a "Fourth and Fifth Amendment" return for 1975, however, we are not convinced that he did not create his family trust as, he thought, a more sophisticated tax protest, i.e., a form of disregard for the law. There is no suggestion in the record that petitioner took any steps to corroborate the assertions that the Institute's representatives made on the validity of such a trust for tax purposes. Because of petitioner's educational background and his experience in the insurance business, which for many years has emphasized estate planning, we are convinced that petitioner was fully aware of the anticipatory assignment of income principles and the grantor trust provisions of the Internal Revenue Code. We think it quite inconceivable that petitioner actually believed in 1976, 1977, and 1978 that the erection of a family trust could so easily and so mechanically circumvent the income tax laws. Because petitioner conceded the deficiency determinations, the record contains none of the detailed facts regarding petitioner's trust. The notice of deficiency, however, recites that it is determined that the income *93 "from the services performed by you in connection with the George Goesch Insurance Agency are taxable to you pursuant to the provisions of sections 61 and 671-678." In a thorough opinion on family trusts discussing the principles of these cited Code sections--section 61 on the anticipatory assignment of income and sections 671 through 678 on grantor trusts--the court of appeals in Schulz v. Commissioner,     F.2d    ,     (7th Cir. 1982), affg. a Memorandum Opinion of this Court, stated that it "will in future be sympathetic to the Internal Revenue Service's assessment under 26 U.S.C. sec. 6653(a) of penalties for underpayment of tax due to negligence or intentional disregard of the rules and regulations of the Internal Revenue Code." In Vnuk v. Commissioner,621 F.2d 1318, 1321 (8th Cir. 1980), affg. a Memorandum Opinion of this Court, holding a family trust ineffective for income tax purposes, the court stated that it found "strong support for the proposition that the petitioners at a minimum should have been assessed the 5-percent penalties" under section 6653(a). See also Vercio v. Commissioner,73 T.C. 1246, 1259 (1980); *94 Wesenberg v. Commissioner,69 T.C. 1005, 1015 (1978). We think the additions to tax must also be sustained in the instant case. In sustaining the additions to tax, we note that petitioner has resolved henceforth to abide by the tax laws. We do not question the sincerity of his resolution. Under section 6653(a), however, petitioner's liability is determined by the reasons for the underpayment of his 1976, 1977, and 1978 taxes. Petitioner has not shown that part of his underpayments of tax for each of those years was not due to negligence or intentional disregard of the tax laws within the meaning of section 6653(a). To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.↩
2. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes.-- (1) In general.--If any part of any underpayment * * * of any tax imposed by subtitle A * * * is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩